# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:09cr17

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| TADARIAN R. NEAL. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Bifurcate Trial and Incorporated Memorandum of Points and Authorities [Doc. 25]. The Government has responded.

The Defendant is charged in a one count bill of indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). [Doc. 1]. He has moved "to bifurcate his trial so that the jurors do not learn of his alleged prior felony convictions, unless and until the jury finds that he knowingly possessed a firearm that traveled, or had been transported, in interstate commerce." [Doc. 25, at 1].

The essential elements of the crime of felony possession of a firearm are: "'(1) the defendant previously had been convicted of a crime

punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed ... the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce.'" United States v. Clark, 310 Fed.Appx. 615, 617 (4th Cir. 2009), *quoting* United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995), *certiorari denied sub nom* Langley v. United States, 516 U.S. 1083, 116 S.Ct. 797, 133 L.Ed.2d 745 (1996). Thus, it is an element of the crime of felony possession of a firearm that a defendant has been previously convicted of a felony.

> "[A] prior conviction is not prejudicial where the prior conviction is an element of the crime," because it "prove[s] the fact or issue that justified its admission [into evidence.]" In fact, as here, "[w]here the prior conviction is essential to proving the crime, it is *by definition* not prejudicial."

United States v. Belk, 346 F.3d 305, 310 (2nd Cir. 2003), *certiorari denied sub nom* Belk v. United States, 540 U.S. 1205, 124 S.Ct. 1474, 158 L.Ed.2d 126 (2004), *quoting* United States v. Gilliam, 994 F.2d 97, 100 (2nd Cir. 1993), *certiorari denied sub nom* Gilliam v. United States, 510 U.S. 927, 114 S.Ct. 335, 126 L.Ed.2d 280 (1993); *accord*, United States v. Johnson, 505 F.3d 120, 124 (2nd Cir. 2007).

In United States v. Milton, 52 F.3d 78 (4th Cir. 1995), *certiorari denied sub nom* Milton v. United States, 516 U.S. 884, 116 S.Ct. 222, 133 L.Ed.2d

152 (1995), the Fourth Circuit addressed the argument that the jury should not consider evidence concerning the existence of the prior felony conviction but should only address the issue of possession.

> Numerous courts have held that if a defendant is charged with being a felon-in-possession of a firearm, a district court does not have the power to instruct the jury to consider only the possession element of the offense.
>
> ...
> We, therefore, hold that, in a felon-in-possession case such as this, the district court must instruct the jury that the government must prove beyond a reasonable doubt that at the time the defendant possessed the firearm he had a qualifying previous felony conviction, that is a prior conviction for an offense punishable by a term of imprisonment exceeding one year.

Id., at 80-81 (citations omitted). Bifurcation of the trial in the manner proposed by the Defendant would essentially remove from the jury an essential element of the crime charged.

Moreover, the Government has agreed to enter into a stipulation with the Defendant pursuant to United States v. Old Chief, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), which would prevent the jury from hearing the nature of his prior conviction. By stipulating "to the fact of the prior felony conviction[,]" a defendant may preclude admission of "evidence of the nature of the conviction[,]" a "trial tactic [which] minimizes the obvious prejudicial impact that a prior felony conviction has on a jury." United States v. Milton, 52 F.3d at 81 n.7 (citation omitted); *accord*,

Johnson, 505 F.3d at 124 (no prejudice).

Of course, the Defendant is not obligated to enter into an Old Chief stipulation. However, his failure to do so does not require bifurcation of the essential elements of the crime charged. In its discretion, the Court declines to bifurcate this trial. Indeed, under Fourth Circuit precedent, bifurcation might well amount to error.[1]

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Bifurcate Trial and Incorporated Memorandum of Points and Authorities [Doc. 25] is hereby **DENIED**.

Signed: September 22, 2009

Martin Reidinger
United States District Judge

---

[1] The Court notes that the cases cited by the Defendant are inapposite because they relate to the failure to sever felon in possession counts from other counts of an indictment. See; *i.e.*, United States v. Dockery, 955 F.2d 50 (D.C. Cir. 1992); United States v. Daniels, 770 F.2d 1111 (D.C.Cir. 1985). Here, the Defendant has asked that the proof of the essential elements of the charge be bifurcated.