# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:09cr17

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| TADARIAN R. NEAL. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion *in Limine* to Preclude Tishean Reid Martin Statements [Doc. 26] and the Defendant's Motion *in Limine* to Preclude Defendant Statements until *Corpus Delicti* is Established [Doc. 27].

In the first motion, the Defendant seeks a pre-trial ruling that the statements of an alleged victim-witness may not be received in evidence because at the time her statements were made, she was under the influence of medication. The motion is premature because there is (1) no proffer of the purported witness and (2) no evidence that she was on medication. Setting aside those deficiencies, the argument goes to the weight of the evidence, not its admissibility.

In the second motion, the Defendant seeks a pre-trial ruling that his inculpatory statements may not be used during jury selection, opening statements or at trial. Again, the motion is premature. There is no forecast before the Court of the purported statements. Indeed, the Court is unable to glean from the motion whether the statements were allegedly made to authorities or third persons. The Defendant has stated that a conviction may not rest on an uncorroborated confession. However, to issue such a ruling at this point in time would deny the Government the opportunity to present its evidence, evidence which may well include corroboration. See, *e.g.*, United States v. Muhammad, 2009 WL 2196855 (4th Cir. 2009), *citing* United States v. Abu Ali, 528 F.3d 210, 234-35 (4th Cir. 2008), *certiorari denied* 129 S.Ct. 1312 (2009) ("[A]lthough a criminal conviction cannot validly rest solely upon an uncorroborated confession, we find that the Government offered sufficient independent circumstantial evidence tending to establish the trustworthiness of Muhammad's confession.").

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion *in Limine* to Preclude Tishean Reid Martin Statements [Doc. 26] and the Defendant's Motion *in Limine* to Preclude Defendant Statements until *Corpus Delicti* is Established [Doc. 27] are hereby **DENIED** without

prejudice to renewal at the proper time.

Signed: September 22, 2009

Martin Reidinger
United States District Judge