# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:09cr17

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| TADARIAN RESHAWN NEAL. ) | |

**THIS MATTER** is before the Court *sua sponte* to address the issue of jurisdiction.

The Defendant is charged in a superseding bill of indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1); possession of an unregistered firearm, in violation of 26 U.S.C. §5861(d); obstruction of justice, in violation of 18 U.S.C. §1503; and witness tampering, in violation of 18 U.S.C. §1512(b)(1). [Doc. 60]. In September 2009, the Defendant filed a *pro se* motion to suppress which the Court refused to consider because it had not been filed by his attorney. [Doc. 31; Doc. 32]. About one week later, the Defendant's third court-appointed attorney filed a motion to suppress. [Doc. 37]. Undeterred, the Defendant

1

filed a *pro se* motion for reconsideration of the Court's refusal to consider his *pro se* motion to suppress. [Doc. 39]. On October 7, 2009, that motion was denied as well. [Doc. 40]. On October 30, 2009, the Defendant filed an untimely appeal. [Doc. 43]. The appeal is pending at the United States Fourth Circuit Court of Appeals.

As a result, the Court will address the issue of jurisdiction. In the Defendant's *pro se* motion to suppress, he argued that his statement to law enforcement authorities was not knowingly and voluntarily given and that he did not receive proper Miranda[1] warnings. [Doc. 31]. In the Defendant's *pro se* motion for reconsideration of the Order striking his *pro se* motion to suppress, he argued that his attorney told him to file his own motions and therefore, the Court must consider them. [Doc. 39]. The Defendant then wrote to the Fourth Circuit asking for a review of this ruling and the Circuit construed the letter as a notice of appeal. [Doc. 43-2]. In one portion of the letter to the Circuit, the Defendant referred to state charges against him which were dismissed and made a vague argument that this federal prosecution constitutes double jeopardy. [Doc. 43-1, at 3]. Although not clear, it appears that the Defendant believes he may not be charged with being a felon in

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

possession of a firearm in federal court because state charges relating to the incident were dismissed. Although not raised in the motions before this Court, out of an abundance of caution the Court will address the issue of whether trial court proceedings may continue while the purported appeal is pending.

> Ordinarily, an appeal "confers jurisdiction in the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals." But this "divesture of jurisdiction rule is not based upon statutory provisions or the rules of civil or criminal procedure. Instead, it is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." Accordingly, ... appellate courts, including [the Fourth Circuit], have developed a "dual jurisdiction" rule, which allows a district court to proceed with trial while a defendant pursues an Abney[2] double jeopardy appeal, where the district court has concluded that the appeal is frivolous.

United States v. Montgomery, 262 F.3d 233, 239-40 (4th Cir. 2001), *certiorari denied* 534 U.S. 1034, 122 S.Ct. 576, 151 L.Ed.2d 448 (2001) (citations omitted); United States v. Blake, 571 F.3d 331, 343 n.6 (4th Cir. 2009), *certiorari denied* __ S.Ct. __, 2010 WL 58699, 78 USLW 3393 (2010) (citing Montgomery with approval); United States v. Lawrence, 201 F.3d 536, 537-38 (4th Cir. 2000).

Such is the case here. The Defendant has not raised a double jeopardy

---

[2]Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

argument. To the extent that he may be deemed to have done so, however, the Court rejects any such argument as frivolous; that is, wholly lacking in merit. United States v. Head, 697 F.2d 1200, 1204-05 (4th Cir. 1982), *certiorari denied* 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1367 (1983). A defendant may be prosecuted in federal court for violating United States laws despite a prosecution for the same conduct in state court pursuant to the dual sovereign doctrine. United States v. Dawson, 259 Fed.Appx. 578, 579 (4th Cir. 2007), *certiorari denied* 128 S.Ct. 2100, 170 L.Ed.2d 830 (2008), *citing* Bartkus v. Illinois, 359 U.S. 121, 128-29, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959) and United States v. Alvarado, 440 F.3d 191, 196-97 (4th Cir. 2006), *certiorari denied* 549 U.S. 817, 127 S.Ct. 81, 166 L.Ed.2d 29 (2006). Likewise, the dismissal of state charges has no impact on the ability of the federal government to prosecute based on the same conduct. United States v. Hall, 551 F.3d 257, 267 (4th Cir. 2009); United States v. Algee, 309 F.3d 1011, 1015 (7th Cir. 2002), *certiorari denied* 538 U.S. 925, 123 S.Ct. 1595, 155 L.Ed.2d 317 (2003) ("[T]he Double Jeopardy Clause does not apply when two different sovereigns are involved.").

**IT IS, THEREFORE, ORDERED** that this Court has jurisdiction.

Signed: January 22, 2010

Martin Reidinger
United States District Judge