FILED
CHARLOTTE, NC

MAY 04 2010

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-cr-17-W

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TADARIAN R. NEAL, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 53), Defendant's objections to the M&R (Doc. No. 56), Government's Exhibit in response to the M&R (Doc. No. 59).

## I. STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Federal Rule of Criminal Procedure 59(b)(1). If a party timely files "specific written objections" to the proposed recommendations, the "district judge must consider *de novo* any objection to the magistrate judge's recommendation." Fed.R.Crim.P. 59(b)(3).

## II. BACKGROUND

At the time the M&R was issued, Defendant was charged in a one count bill of indictment with being a felon in possession of a firearm in violation of 18 U.S.C. Section

922(g)(1).[1] Defendant filed, through counsel, a "Motion and Memorandum in Support of Motion to Exclude Alleged Defendant's Statement" (Doc. No. 37). Defendant contented that he was subjected to custodial interrogation without having been read his Miranda rights in violation of the Fifth Amendment. Defendant asserts that as a result of this alleged violation that his statements should be suppressed. An evidentiary hearing was held on December 16, 2009, before the Magistrate Judge, and Defendant appeared with counsel.[2] The Magistrate Judge entered a Memorandum and Recommendation on December 17, 2009, recommending Defendant's suppression motion be denied. (Doc. No. 53). Defendant timely filed objections on December 26, 2009. (Doc. No. 56). The Government filed a exhibit containing the transcript between Detective Davis and Defendant. (Doc. No. 59). The Court has carefully examined the record, including listening to the recording of the suppression hearing, and notes the Magistrate Judge's findings of fact and conclusion of law are deserving of adoption by this Court.

## III. DISCUSSION

The facts as set forth in the M&R are adopted herein unless noted otherwise. Defendant offers several objections to the Magistrate Judge's findings and those objections are reviewed *de novo*.

Defendant's first, second, fourth, and fifth contentions are related and challenge the findings contained in the M&R that Defendant was not in custody, was free to leave the interview room, that Defendant was not constrained at the police station, and the Detective did not question Neal against his will. Defendant points out there were shackles present in the

---

[1] A superceding indictment was filed subsequent the issuance of the M&R.

[2] The M&R indicates a hearing was held on December 15, 2009, but a review of the docket and recording of the hearing indicates the hearing was held on December 16, 2010.

interview room and that Detective Davis testified that Neal would have been escorted to the lavatory or to a water fountain if he desired to utilize either facility. Defendant argues that Detective Davis' testimony that he was in control of Neal and that he was allowed to make misrepresentations to Neal show Defendant was not free to leave. The Court overrules these objections because Defendant has failed to show or point to any legal authority that suggests these facts change the M&R findings. As the M&R notes[3] and a review of the record confirms the exchange between Detective Davis and Defendant Neal demonstrates Defendant understood he was neither constrained nor in custody and was free to leave at any time:

| | |
|---|---|
| DAVIS: | Okay. This interview is being conducted in Room 2005, uh, Mr. Neal came down to the station voluntary. (sic) Mr. Neal, you realize you're not under arrest, okay. Do you understand that? |
| NEAL: | Yes sir. |
| DAVIS: | You realize that you're free to leave at anytime. Do you understand that? |
| NEAL: | Yes sir. |
| DAVIS: | Uh, you don't have to answer any of my questions, do you know that? |
| NEAL: | Yes sir. |
| DAVIS: | Okay. And you, uh, agreed to come down here willingly with me. Is that correct? |
| NEAL: | Yes sir. |
| DAVIS: | Alright, do you need anything right now? |
| NEAL: | Um, no sir. I just get everything I needed. |
| DAVIS: | You got to use the bathroom, get a drink of water a minute ago. Is that correct? |
| NEAL: | Yes sir. |
| DAVIS: | Alright. I appreciate you cooperating and everything, it's helped out a lot. |
| NEAL: | Um-um. |

This exchange makes clear Defendant knew and understood he was neither in custody nor constrained. Defendant voluntarily came to the police station, was informed that he was not under arrest, and Defendant understood he was free to leave at anytime. One factor frequently

---

[3]The M&R noted this exchange, but did not include the question in the transcript by Davis, "Okay. And you, uh, agreed to come down here willingly with me. Is that correct?" and Defendant's reply "Yes sir." The Court also added the last statement by Davis "Alright. I appreciate you cooperating and everything, it's helped out a lot," to which the Defendant replied "Um-um."

considered to show lack of custody is informing a suspect that he is not under arrest. See Davis v. Allsbrooks, 778 F.2d 168, 171-72 (4th Cir. 1985). Defendant attempts to make an argument, though not expressly, that despite this exchange, the questioning was conducted in a "coercive environment." But even Defendant cites in his brief the Supreme Court decision in Oregon v. Mathiason, which recognized:

> any interview of one suspected of a crime by a police officer will have coercive aspects to it, simply by virtue of the fact that the police officer is part of the law enforcement system which may ultimately cause the suspect to be charged with a crime. But police officers are not required to administer *Miranda* warnings to everyone whom they question.

429 U.S. 492, 495 (1977) (per curiam). See also California v. Beheler, 463 U.S. 1121, 1125 (1983) (per curiam) (recognizing "*Miranda* warnings are not required 'simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect."). Defendant further maintains that a reasonable suspect in Neal's position could have detected changes in tenor, tone, and temperament of the detective. While a review of a transcript does not always reflect a change in tenor, tone, or temperament, the Court has reviewed the transcript and believes Defendant has failed to point to any further evidence or cite any case law supporting his contention. Moreover, at the end of the interview when Defendant was ultimately arrested, Defendant's own words still seem to indicate Defendant knew he was not in custody. Defendant states, "I don't know why I came down here with you (...talking fast...) it was a lose/lose situation... man... take me across the street...man." This statement indicates Defendant understood he came down to the police station of his own free will and, as the M&R concludes, regretted it, telling the officer to "take me across the street," which Defendant knew meant to arrest and book him. Considering all of this, Defendant's first, second, fourth, and fifth objections are overruled.

Defendant's third objection is to the magistrate judge's finding that Defendant told T.W. to hide the sawed-off shotgun. The M&R actually recognized this fact in the context of what Officer Clark told Detective Davis about what he had learned from T.W. Defendant states other evidence suggest the police are uncertain as to which male, T.W., Neal or "T[TD]" discharged the weapon into the victim. Certainly, this may be an argument for trial, but this finding was proper in the context of what Officer Clark advised Detective Davis about his interview with T.W. Moreover, the finding does not impact the denial of Defendant's suppression motion.

Defendant's sixth objection concerns the magistrate judge's finding that Defendant was familiar with *Miranda* rights and knew the routine. A review of the record shows Defendant in his interview with the Detective acknowledged he had been "around the block" and Defendant told him that he had served ten years in prison. (Government Exhibit 1, Transcript of Interview, pages 27 and 50). Accordingly, the Court believes such a conclusion was merited and Defendant's objection is overruled.

Defendant's last contention is a general objection to the Magistrate's recommendation that the Motion to Suppress be denied. General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. Tyler v. Beinor, 81 F. Appx. 445, 446 (4th Cir. 2003); United States v. Woods, 64 F. Appx. 398, 399 (4th Cir. 2003). Because this objection is general and not specific, the Court overrules the objection.

## IV. CONCLUSION

The Court finds that the magistrate judge's findings are supported by the record and the conclusions of law are consistent with current case law. Accordingly, the Court ACCEPTS and ADOPTS the Magistrate Judge's recommendation that Defendant's "Motion and Memorandum in Support of Motion to Exclude Alleged Defendant's Statements" (Doc. No. 53) be DENIED.

**IT IS, THEREFORE, ORDERED** that Defendant's motion (Doc. No. 53) is **DENIED**.

Signed: May 4, 2010

Frank D. Whitney
U.S. District Judge
Western District of North Carolina