IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00215-FDW
(3-09-cr-00017-FDW-DCK-1)

| | |
|---|---|
| TADARIAN RESHAWN NEAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Respondent's motion to dismiss Petitioner's pro se motion to vacate, set aside or correct sentence, which he filed pursuant 28 U.S.C. § 2255. For the reasons stated herein, the Court finds that Respondent's motion should be granted and Petitioner's § 2255 motion will be dismissed.

I. BACKGROUND

On February 17, 2009, Petitioner was charged by bill of indictment with one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), with said offense to have occurred on August 15, 2008. (3:09-cr-00017, Doc. No. 1). On January 19, 2010, while this charge was pending, the Government filed a superseding indictment which included the 2009 Section 922(g) charge (Count One), and three additional charges. In Count Two of the superseding indictment, Petitioner was charged with the possession of a Savage model 350, 12 gauge shotgun that had a barrel of less than 18 inches and had not been registered as required by the National Firearms Registration and Transfer Record, all in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. In Count Three, Petitioner was charged with multiple instances of obstruction

1

of justice, with such offenses occurring between March 10, 2009, and April 20, 2009, based on his alleged effort to impede the prosecution of the § 922(g) charge in the original indictment, in violation of 18 U.S.C. § 1503. In Count Four, Petitioner was charged with attempting to corrupt, persuade and influence the testimony of another person in an official proceeding, in violation of 18 U.S.C. § 1512(b)(1). (Id., Doc. 60: Superseding Bill of Indictment).

On May 4, 2010, Petitioner's case came on for a jury trial on the four charges in the superseding indictment. The evidence at trial tended to show that Petitioner shot his girlfriend, Tishean Reid, with the Savage model 12-gauge shotgun following a domestic dispute. Reid suffered serious injuries to one of her arms and her chest. At the time of the shooting, Reid's two minor children were present, one of which was mentally disabled. After the shooting, Petitioner ran from the residence and yelled for assistance. Police responded and encountered Petitioner who initially provided law enforcement with an alias. Petitioner later revealed his true identity and denied any knowledge of, or involvement in the shooting and Petitioner declined to allow officers to search the residence where the shooting occurred. Police spoke with T.D.[1], one of Reid's sons, and he informed the officers that the Savage model 12-guage was located approximately 100 yards from the residence where Reid was shot. T.D. testified at trial that he hid the shotgun after being instructed to do so by Petitioner.

The Government also presented evidence of phone calls that were recorded at the Mecklenburg County jail between Petitioner and Reid that occurred while Petitioner was awaiting trial. Through these calls, Petitioner asked Reid to lie about Petitioner's knowledge that the shotgun had been located in the residence, and he even attempted to influence Reid to say

---

[1] Initials are used to protect the identity of the minor child.

that the shotgun was brought to the residence by T.D. after he found it on a nearby playground. Petitioner then changed the story to reflect that upon finding the shotgun in the residence, he became angry and the gun later accidentally discharged. Petitioner and Reid also discussed other possible scenarios to explain the shooting which included a story that the shooter was an unnamed perpetrator of an armed robbery; or that it was a retaliatory shooting by an individual named T. In furtherance of this scheme to corrupt the prosecution, Reid provided an affidavit that was filed with the Court that recanted previous statements she made during the investigation, including her admission to law enforcement that Petitioner was the individual that shot her in her residence. In seeking to exonerate Petitioner, Reid explained that she initially identified Petitioner as the shooter, after she "reacted out of anger" following the shooting because Petitioner stated that he would leave her.[2]

On May 6, 2010, Petitioner was convicted on all four charges and Petitioner was sentenced to concurrent terms of 120-months on Counts One, Two and Three, and a term of 168-months' imprisonment for his conviction on Count Four.[3] (Id., Doc. No. 105: Judgment). Petitioner's judgment was affirmed in all respects on direct appeal by the Fourth Circuit in an unpublished, per curiam opinion. See United States v. Neal, 458 F. App'x 246 (4th Cir. 2011), cert. denied, 132 S. Ct. 1948 (2012). This collateral proceeding follows wherein Petitioner raises

---

[2] (Id., Doc. No. 24: Reid Aff.)

[3] On April 28, 2005, Petitioner was convicted of a § 922(g) offense in this district in Case No. 3:04-cr-00073, and sentenced to a term of 48-months' imprisonment to be followed by two years of supervised release. While on supervised release, a probation officer filed a petition alleging that Petitioner had violated the terms of his release by committing new law violations, which included, among offenses, illegal possession of alcohol in a passenger vehicle, resisting a public officer, and the § 922(g) offense charged in the indictment. (Id., Doc. No. 30: US Probation Petition). Petitioner admitted the violations and his supervised release was revoked and his sentence was ordered to run consecutively to the sentence set forth above.

3

several claims for relief which will be examined below.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A.  Ground One

In his first claim, Petitioner contends that he is actually innocent of his § 922(g) offense because the prior § 922(g) conviction, which he sustained in 2005, is now invalid based on his contention that the underlying offenses that supported the 2005 conviction are no longer valid, felony convictions based on the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[4] (3:13-cv-00215: Doc. No. 1: Petition at 4, 21).[5]

Petitioner raised this same claim on direct appeal and it was denied. The Fourth Court reasoned as follows:

---

[4] The underlying felony convictions were sustained in North Carolina in Mecklenburg County Superior Court. The first, larceny of a motor vehicle was entered on March 15, 2001, and Petitioner was sentenced to 8-10 months imprisonment. The second, larceny from the person, was entered on July 26, 2002, and Petitioner was sentenced to 6-8 months imprisonment. (3:04-cr-0073, Doc. No. 45: Presentence Report ¶¶ 33-34).

[5] In Simmons, the Court overruled its prior precedent as set forth in United States v. Harp, 406 F.3d 242 (2006), in which the Court held that in order to determine if a prior conviction is a felony under North Carolina law, the court must consider a hypothetical defendant with the worst possible criminal record. Harp, 406 F.3d at 246. In overruling this holding, the Simmons Court found that in deciding whether a North Carolina conviction is a felony conviction, the sentencing court must consider the record of the defendant that is being sentenced and not the record of a hypothetical defendant. Simmons, 649 F.3d at 241, 247.

4

> This court squarely rejected this line of argument in United States v. Kahoe, 134 F.3d 1230 (4th Cir. 1998), holding that any subsequently-realized invalidity of a predicate felony conviction is immaterial to a § 922(g)(1) prosecution, as long as the prior conviction was in effect on the date that the defendant possessed the firearm. Id. at 1235. In this case, there is no dispute that Neal's 2005 felon-in-possession conviction was both punishable by more than a year and was in effect on August 18, 2008, when he possessed the sawed-off shotgun that is the subject of his current § 922(g)(1) conviction. As a result, his current § 922(g)(1) conviction is proper, notwithstanding the possible effects of Simmons on his previous conviction.

Neal, 458 F. App'x at 247-48.

Petitioner's first claim for relief will be denied because the Fourth Circuit has already ruled against him on this very claim. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (In a § 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" on direct appeal) (internal citation omitted); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.") (internal citation omitted).

B. Grounds Two through Five

Here, Petitioner raises claims of ineffective assistance of counsel.

The Sixth Amendment to the United States Constitution provides that all defendants charged with a crime have the right to effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A

5

petitioner seeking post-conviction relief based on a claim of ineffective assistance of counsel bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id. A "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

    1.    Ground Two

Petitioner claims that his trial counsel was ineffective in failing to challenge the sufficiency of the superseding indictment. (3:13-cv-00215, Doc. No. 1 at 24). Specifically, Petitioner argues that Counts Three and Four failed to provide him with proper notice of what person he was attempting to corruptly influence or what proceeding he was allegedly attempting

6

to obstruct. "The sufficiency of an indictment should be determined by practical, as distinguished from purely technical, considerations. Does it, under all of the circumstances of the case, tell the defendant all that he needs to show for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good." United States v. Matzkin, 14 F.3d 1014, 1019 (4th Cir. 1994) (quoting United States v. Missler, 414 F.2d 1293, 1297 (4th Cir. 1969), cert. denied, 397 U.S. 913 (1970)).

As discussed herein, Petitioner's ability to obtain relief on a claim of ineffective assistance of counsel is two-fold, that is, he must establish both that his counsel was ineffective in not challenging the sufficiency of the indictment, and that he was prejudiced by the failure to challenge this alleged deficiency. Petitioner fails in both respects.

In Count Three of the superseding indictment it is alleged that from on or about March 10, 2009 to April 20, 2009, while within Mecklenburg County, Petitioner "did corruptly influence, obstruct and impede and endeavored to influence[,] obstruct and impede the due administration of justice in United States v. Neal, No. 3:09CR17 . . ." In Count Four, it is alleged that in Mecklenburg County, between March 10, 2009, and April 30, 2009, Petitioner "knowingly did and attempted to corruptly persuade another person with intent to influence the testimony of that person in an official proceeding . . ." (3:09-cr-00017, Doc. No. 60: Superseding Indictment).

Petitioner blankly contends that the superseding indictment failed to properly notify him of the nature of the testimony or the identity of the person whom he allegedly tried to corruptly influence, "[t]hereby providing Petitioner with no clear picture of what conduct he needed to defend himself" or of what proceeding he was trying to improperly influence. (3:13-cv-00215,

7

Doc. 1 at 24). While it is true that the person he tried to corruptly influence is not identified by name in the indictment, it is of no moment because the record makes clear that Petitioner knew the identity of the person named in the superseding indictment and that he knew what proceeding he was trying to convince her to corruptly influence.

For example, on March 3, 2010, Petitioner's counsel filed a motion to dismiss the superseding indictment on Speedy Trial grounds. During the hearing on this motion, counsel notes that a potential witness, Ms. Tishean Reid, was charged in a criminal complaint by the Government with obstruction of justice in this district, and Ms. Reid is repeatedly identified during the hearing as Petitioner's girlfriend at the time of the shooting. The discussions during the hearing also included frequent references to Ms. Reid's belief that the Government was deliberately pressuring her with criminal prosecution based on her efforts to change her initial statements to law enforcement that Petitioner was that one that shot her.[6] Thus, it is obvious from this hearing that Ms. Reid was the person with whom Petitioner was allegedly trying to corruptly influence and that the official proceeding was his upcoming criminal trial.

Petitioner was present for this hearing that was conducted on March 29, 2010, which was more than a month before his trial began; therefore had he been confused about the identity of the person that he was attempting to corruptly influence, or confused as to the identity of the proceeding that he was attempting to influence, Petitioner – who was no stranger to filing pro se

---

[6] In the affidavit attached to the complaint, multiple interceptions of phone calls were noted between Reid and Petitioner wherein they discussed how to falsify the trial testimony to exonerate Petitioner as the shooter. In particular, the affidavit noted that Reid and Petitioner were making plans for Reid to change her statements to police to demonstrate that Petitioner accidentally shot her; then the story was changed to reflect that Reid was not shot by Petitioner at all, but rather by an unnamed person in a robbery at the residence or by a person named T. See (3:10-mj-00012-DSC, Doc. No. 1). The complaint against Reid was later dismissed without prejudice prior to Petitioner's trial.

8

motions – could surely have raised this issue long before now. (3:09-cr-0017, Doc. No. 116: Tr. of Speedy Trial Hearing).

Based on the foregoing, the Court finds that it is simply frivolous for Petitioner to contend that he did not know who he was charged with trying to convince to obstruct justice or that he did not know what "official proceeding" was at issue. Accordingly, he has failed to demonstrate any right to relief under Strickland.

    2.    Ground Three

Petitioner next argues that his counsel was ineffective by failing to properly convey a plea offer to him which could have led to a guilty plea to Count One of his original indictment. (3:13-cv-00215, Doc. No. 1 at 31). Petitioner's trial counsel, Mr. Forrester, who incidentally was his fourth counsel appointed in the criminal proceeding, was appointed on November 20, 2009, which is roughly two months before the grand jury returned the superseding indictment.

Prior to the return of the superseding indictment, Petitioner contends that Mr. Forrester presented him with a plea agreement which provided that if he would agree to plead guilty to the § 922(g) charge in his original indictment, he would be sentenced to 10-years' imprisonment upon conviction. Petitioner asserts that he was interested in the offer but asked Mr. Forrester if he could obtain a lesser sentence. Petitioner contends that his counsel rebuffed that inquiry and said "that was the best he could get." (Id.). As a consequence of his counsel's advice, Petitioner maintains that he rejected what he states he believes was a mandatory term of ten years and instead chose to proceed to trial on the § 922(g) charge, and that his decision to forego the offer subjected him to increased punishment after the superseding indictment was filed.

Petitioner also argues that after presenting him with the plea agreement, counsel failed to

9

advise him of the advisory nature of the Guidelines or that he could have received a reduction in his Guidelines range based on acceptance of responsibility and therefore a sentence below the ten-year projected sentence. Petitioner argues that had his counsel correctly advised him of his potential penalties, he would have admitted his guilt to the § 922(g) charge and that he would have likely received a lesser sentence.

The Supreme Court has expressly recognized that a defendant has the right to "effective counsel during plea negotiations." Missouri v. Frye, 132 S. Ct. 1399, 1407-08 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) ("Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process."). The "two-part Strickland v. Washington test applies to guilty pleas based on ineffective assistance of counsel." Lafler, supra (quoting Hill v. Lockhart, 474 U.S. 52, 58 (1985)). In order to demonstrate a right to relief under Strickland in the context of plea negotiations, a petitioner still must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Lafler, supra at 1384 (quoting Strickland, 466 U.S. at 694)).

In response to Petitioner's § 2255 motion, the Government states without equivocation that it would have pursued the ten-year statutory maximum if Petitioner had pled guilty to Count One "given the egregious facts of this case, which involved [Petitioner] shooting his girlfriend in front of her disabled son and asking the other son to hide the gun only a few years after an earlier federal felon-in-possession conviction . . . ." (3:13-cv-00215, Doc. No. 9: Response at 19). Thus, notwithstanding the advisory nature of the Guidelines or counsel's other alleged errors, the Government would still have expressed its position at sentencing that Petitioner should receive the statutory maximum on the § 922(g) offense. Moreover, during sentencing the Government

argued for a sentence of 168-months for conviction on Count Four. See (3:09-cr-0017, Doc. 117: Sentencing Tr. at 50).[7] Petitioner offers no evidence in his petition that his counsel could have in fact obtained a better offer than the statutory maximum based on the Government's clear stance on sentencing, and it appears that his counsel's contention that 10-years was the best offer he could secure merely conveyed the Government's position that the statutory maximum is what it would have pursued following conviction.

Additionally, Petitioner's claim that but for his counsel's sentencing advice, he would have pleaded guilty to the § 922(g) charge and therefore avoided the potentially harsher punishment following the filing of the superseding indictment is wholly belied by the record. To wit, Petitioner filed a sworn statement that in the lead-up to his trial on the charges in the superseding indictment, his attorney informed him that he would only continue as his counsel if Petitioner would "accept a plea deal." (3:09-cr-00017, Doc. No. 91 at 3 ¶ 3). Notably though, Petitioner does not contend that he instructed his counsel to pursue a plea offer or that he even wished to pursue a plea agreement after the superseding indictment was filed. Petitioner further averred in this statement that "[w]henever I called [counsel] to *reaffirm* my willingness to proceed to trial, he tells me to listen to myself talking and then places the phone on the table without responding." (Id. at 4 ¶ 5) (emphasis added). Petitioner also admits in a "Sworn Affidavit," which he submitted prior to sentencing, that he testified at trial that he did not possess the shotgun, yet he maintains in this collateral proceeding that he would have admitted his guilt to the § 922(g) offense, which would have been a sworn admission in open court, that he did in

---

[7] The Government emphasized the serious injury Petitioner inflicted on Ms. Reid with the shotgun; that the offense was committed in front of two minor children; that T.D. was asked to remove the shotgun from the house, and when he returned to the house he saw his mother lying in a pool of blood and heard Petitioner say he was sorry, he did not mean to do it. (Id. at 51).

11

fact commit the § 922(g) offense. (3:09-cr-00017, Doc. No. 101 at 2).

Additionally, there was ample testimony from law enforcement that Petitioner denied that he possessed the shotgun during the investigation, and testimony from T.D. that Petitioner did possess the shotgun. (Id., Doc. No. 123: Trial Tr. II at 17). Perhaps most telling, though, is that even during sentencing, Petitioner continued to maintain that he did not possess the firearm by arguing the fact that the shotgun was found not on his person or in the residence, but outside near the playground. Of course the evidence unequivocally demonstrated that Petitioner was the one that possessed the shotgun within the residence and asked T.D. to remove it from the house. (Id., Doc. No. 117: Sentencing Tr. at 47).[8]

In sum, Petitioner presented sworn statements during his testimony at trial that he did not possess the 12-guage shotgun and sworn statements that after the superseding indictment was returned he insisted on going to trial; the Government presented substantial evidence of his efforts to convince Ms. Reid to lie during her testimony that Petitioner did not possess the shotgun which was long before the presentation of the plea agreement;[9] and Petitioner stated to law enforcement that he did not possess the shotgun during the investigation. Further, there was

---

[8] In preparing for sentencing, the U.S. Probation Office prepared a presentence investigation report (PSR). The probation officer recommended that Petitioner receive an enhanced sentence for obstruction of justice based on his efforts to influence Ms. Reid to provide the affidavit in which she recanted previous statements to law enforcement in an effort to minimize Petitioner's involvement; in particular that he did not possess the shotgun. The probation officer also recommended an upward adjustment for obstruction of justice of the investigation and prosecution on his charges because he provided false testimony at trial that, among other things, he did not possess the shotgun. (Id., Doc. 98: PSR ¶¶ 12-13). Petitioner's counsel objected to the enhancement, but the Court overruled the objection based on the overwhelming evidence that Petitioner had in fact lied before the jury when he testified that he did not possess the shotgun.

[9] It is important to note that Petitioner's repeated efforts to obstruct justice began long before the plea agreement was presented; beginning with his initial false statements to law enforcement that he did not possess the shotgun, and continuing through with his efforts to convince Ms. Reid to present false testimony that he did not possess the gun or shoot her.

testimony from T.D. that Petitioner instructed him to remove the shotgun from the house after the shooting. These statements, when compared with Petitioner's late assertion in his petition that he would have admitted to in fact being guilty of possessing the shotgun on the night of shooting, while under oath, overwhelmingly support denying his claim of ineffective assistance of counsel. In essence, Petitioner's claim is that because of allegedly deficient sentencing advice he was left with no choice but to perjure himself in order to cure the prejudice resulting from the advice, yet everything in the record from the initial investigation to present day indicates that Petitioner steadfastly maintained his innocence and actively sought to feloniously secure his innocence – well before presentation of the plea agreement – by presenting false testimony and obstructing justice.

However, even though Petitioner's claim in his § 2255 motion appears baseless, the Court ordered an evidentiary hearing on this claim and appointed counsel for Petitioner because of the parties' conflicting positions on this issue. (3:13-cv-00215, Doc. No. 18). During the hearing, Mr. Forrester and Petitioner testified. After considering the foregoing, the evidence presented during the hearing, and the record in this matter, the Court finds that Petitioner's contention that his counsel stated that he would have certainly faced a 10-year mandatory-minimum term is without merit, as is his contention that he was not properly advised about the potential impact of the Guidelines on his sentence.

For instance, Petitioner freely admitted during the hearing that he lied during his criminal trial about the charges in the superseding indictment, but he nevertheless contended that he was truthful regarding his allegations that his counsel misinformed him about his sentence upon conviction on the § 922(g) charge and about the potential impact of the Guidelines on his

13

sentence. <u>The Court finds that Mr. Forrester's denial of these allegations and his thorough review of his representation of Petitioner to be credible and truthful and that Petitioner's assertions are not credible.</u> In sum, the evidence received by the Court during the evidentiary hearing does not support Petitioner's contentions regarding ineffective assistance of counsel and this claim will be dismissed.

    3.    Ground Four

Petitioner next argues that he received ineffective of appellate counsel because his counsel failed to challenge this Court's ruling which denied his trial counsel's pretrial motion to dismiss on Speedy Trial grounds or under the Sixth Amendment right to a speedy trial. (3:13-cv-215, Doc. No. 1 at 35). This Court held a lengthy hearing on the motion to suppress, and received testimony from Betsy Wallace, operations manager for the Clerk's office in this District, regarding her calculation of the time under the Speedy Trial Act. After considering her testimony, the record in this matter, the applicable authority and arguments of counsel, the Court denied Petitioner's motion to dismiss as being without merit and Petitioner did not challenge this finding on appeal.

The test for ineffective assistance of appellate counsel is the same as it is for trial counsel. Specifically, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim of direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Bell v. Jarvis</u>, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotations and citations omitted). In addition,

appellate counsel is entitled to a "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing Jones v. Barnes, 463 U.S. 745 (1983)).

The Court has already ruled that Petitioner's rights under the Speedy Trial Act and the Sixth Amendment were not violated and finds no need to revisit this issue in light of the Court's prior ruling. In other words, the Court finds that Petitioner's appellate counsel was not ineffective in failing to raise this argument on appeal.

    4.    Ground Five

Next, Petitioner raises another claim that his trial counsel was ineffective by failing to object to this Court's "error of admitting expert testimony without conducting an inquiry into his qualifications." (3:13-cv-00215, Doc. No. 1 at 39). During the Government's case-in-chief, Detective Mike Davis testified that he recognized the voices of Petitioner and Ms. Reid after listening to telephone calls that were made while Petitioner was incarcerated. The substance of these telephone calls served as the evidentiary basis for Counts Three and Four in the superseding indictment, and Petitioner contends that the admission of Det. Davis' testimony prejudiced him. This argument is without merit because Det. Davis was not offered as an expert witness by the Government and the testimony that he provided was based on his familiarity with their voices which he gained during the investigation. Put simply, this testimony is perfectly permissible lay testimony. Lastly, the jury was allowed to hear the recordings of the jailhouse telephone calls and to judge the credibility of Det. Davis' testimony. For these reasons, and

based on the overwhelming evidence of Petitioner's guilt, the Court finds that Petitioner has failed to demonstrate <u>Strickland</u> prejudice.

C.   Ground Six

In his final claim, Petitioner challenges the Court's order which required him to reimburse the Government for the costs of his court-appointed counsel. (3:13-cv-00215, Doc. No. at 43). <u>See</u> (3:09-cr-00017, Doc. No. 105: Judgment at 4). Petitioner did not present this challenge on appeal nor does he argue that his trial or appellate counsel was ineffective in failing to raise this issue. The Government asserts that Petitioner has therefore procedurally defaulted his ability to present this claim in a § 2255 proceeding. The Court agrees because "the alleged error is neither constitutional nor jurisdictional, [thus] a district court lacks authority to review it" in a § 2255 proceeding "unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" <u>United States v. Foote</u>, 784 F.3d 931, 936 (4th Cir. 2015). The Court finds that it does not meet this high burden and the claim will be dismissed.

IV.   CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion fails to state any claim upon which relief may be granted and the Government's motion to dismiss will therefore be granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's motion to dismiss is **GRANTED**. (Doc. No. 10).

2. Petitioner's § 2255 motion is **DENIED** and **DISMISSED**. (Doc. No. 1).

3. Petitioner is remanded to the custody of the U.S Marshal for transport to the Federal Bureau of Prisons.

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).
5. The Clerk is to certify copies of this Order to Petitioner's counsel in this § 2255 proceeding, the Petitioner, the Government, and the U.S. Marshal.

The Clerk is directed to close this civil case.

SO ORDERED, this the 26th day of April, 2016.

FRANK D. WHITNEY
CHIEF UNITED STATES DISTRICT JUDGE