UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-cr-00017-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) |
| TADARIAN RESHAWN NEAL, | ) ORDER |
| Defendant. | ) |

THIS MATTER comes before the Court on Defendant Tadarian Reshawn Neal's Motion for Compassionate Release, requesting immediate release and home confinement. (Doc. No. 158). For the reasons that follow, Defendant's motion is DENIED.

**I.  BACKGROUND**

On August 15, 2008, Defendant, a convicted felon, shot his girlfriend with a sawed-off shotgun. (Doc. No. 92, p. 3). Defendant's girlfriend, whose two sons, T.W. and D.W., were present during the shooting, suffered serious injuries but survived. Id. Soon after the shooting, police responded to the scene and recovered the gun after they spoke with T.W. Id. at 4. At the time of the shooting, Defendant was a felon with prior convictions for larceny of a motor vehicle, larceny from the person and possession of a firearm by felon. Id. at 3. The police arrested Defendant, and while he was in jail on state charges, he called his girlfriend, told her they needed to concoct a story about what happened, and helped her develop false versions of the events. Id. at 4.

On June 23, 2020, Defendant filed a Motion for Compassionate Release. (Doc. No. 158).

1

On August 3, 2020, the Government filed a Response in opposition of the Defendant's Motion. (Doc. No. 162).

## II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In his Motion, Defendant states he was informed that he could be released from prison to home confinement due to the common knowledge of COVID-19 and the unsanitary environment of prisons. (Doc. No. 158). The Defendant also discusses, in general terms, his fear of contracting the virus from staff or other inmates. Id. The Defendant never provides any information on how his medical condition, age, or other qualifying condition increases the likelihood of him contracting or being adversely affected by COVID-19.

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the

2

community, as provided under section 3142(g)…[1]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

(A) Medical Condition of the Defendant –

    (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….

    (ii) The defendant is –

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" for supporting his Motion pursuant to § 3582(c)(1)(A)(i). Defendant does not assert that he has a terminal or serious health condition, or deterioration in physical or mental health due to aging, or family circumstances that would support release under subsections A, B, or C of U.S.S.G. § 1B1.13, application note 1. See (Doc. No. 158). Defendant makes a general allegation that he is at risk of contracting COVID-19, which is an insufficient basis for compassionate release. *See* United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); United States v. Hood, No. 5:18-CR-00005-KDB, 2020 WL 2091070, at *3 (W.D.N.C. Apr. 30, 2020) ("Without a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility, the Court will not grant a motion for compassionate release based on COVID-19 concerns.").

Nor does Defendant identify any other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy statement other than the COVID-19 pandemic. See id.; see also U.S.S.G. § 1B1.13, application note 1(D). Further, there is no evidence

4

Case 3:09-cr-00017-FDW-DCK   Document 163   Filed 10/06/20   Page 4 of 6

that BOP cannot care for Defendant adequately. Thus, Defendant has failed to make the required showing under § 3582(c)(1)(A)(i).

Even if Defendant qualified for release due to extraordinary and compelling reasons, § 3582(c)(1)(A) requires that this Court consider the factors listed in 18 U.S.C. § 3553(a) before granting Defendant's motion. These factors, which include "the nature and circumstances of [his] offense," his "history and characteristics," and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant," weigh heavily in favor of Defendant's continued imprisonment. 18 U.S.C. § 3553(a). Defendant's offense of conviction involved him possessing a sawed off shot gun while he was a felon and using it to shoot his girlfriend. After seriously injuring his girlfriend, Defendant tried to cover up the crime by instructing her son to hide the gun and by helping her devise various false stories for the authorities. At the time of sentencing, Defendant's criminal history included juvenile convictions for assault, communicating threats, sell/deliver cocaine, and possession with intent to sell/deliver cocaine and adult convictions for larceny from a motor vehicle, hit and run with property damage, larceny from the person, assault inflicting serious injury, and possession of a firearm by a convicted felon. (Doc. No. 92). Considering Defendant's violent conduct, his extensive criminal history, his disrespect for the law, and the need to protect the public from him as well as the other 3553(a) factors, the Defendant's Motion for Compassionate Release (Doc. No. 158) is DENIED.

### III. Defendant's Request for Home Confinement

Defendant requests that the Court release him to home confinement. The Court does not have the authority to direct BOP to place a defendant in home confinement. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement."). A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request; the Court is without jurisdiction to do so. Therefore, Defendant's Motion for Home Confinement (Doc. No. 158) is DENIED.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion for Compassionate Release, requesting immediate release and home confinement (Doc. No. 158) is DENIED.

Signed: October 5, 2020

Frank D. Whitney
United States District Judge